# In the United States District Court
# for the
# Western District of Texas

| | |
|---|---|
| **Susan Slater** | § |
| | § |
| **v.** | § |
| | §   SA-12-CV-1205 |
| **Southwest Research Institute and** | § |
| **Southwest Research Medical Trust Plan** | § |

## ORDER

On this day came on to be considered Plaintiff's motion to remand (docket no. 7). The motion is denied.

## Background

Plaintiff filed this case in the 288th Judicial District Court of Bexar County, Texas. In the Original Petition, Plaintiff alleges that David C. Slater, Ph.D. was employed as a scientist at Southwest Research Institute (SWR). In May 2007, he underwent surgery necessary to treat a brain tumor. On September 25, 2007, through his employer's Medical Trust Plan, he increased his life insurance plan by adding a $500,000 plan.

On or about October 28, 2008, Dr. Slater's treating oncologist wrote to SWR describing certain accommodations that Dr. Slater would require returning to work.[1] On November 20, 2008, Dr. Slater participated in an open enrollment in his employer's benefit plan. He increased his accidental death and disability benefit from $100,000 to $200,000, but he decreased his life

---

[1] In Dr. Fichtel's October 28, 2008 letter she states Dr. Slater "wishes to return to work fulltime … and I believe he is capable of doing so with minimal accommodations. Mr. Slater has developed short-term memory loss during the course of his illness. This has been evaluated, and his long-term memory has not been shown to be adversely affected. Due to his short-term memory problem, it is recommended that, initially, he not begin new projects; however, he should have no difficulty resuming work on existing projects, in a group setting, and with which he is familiar…."

insurance plan benefit from $500,000 to $100,000. According to the original petition, the "submission and approval were done by Dr. Slater with no oversight by anyone else."

On or about November 12, 2009, Plaintiff Susan Slater, Dr. Slater's spouse, became aware that the life insurance benefit was decreased in 2008. SWR and Mrs. Slater thereafter approached the insurance carrier, Sun Life, but Sun Life refused to reinstate the $500,000 benefit.

On July 7, 2010, SWR changed insurance carriers from Sun Life to Hartford. Dr. Slater died on May 30, 2011.

In the Original Petition Plaintiff alleges that SWR and the SWR Plan committed fraud because they represented to Plaintiff that they acknowledged the October 28, 2008 instructions given by the oncologist, but they in fact did not closely supervise Dr. Slater and permitted him access to changing his insurance policies.[2]

On December 21, 2012, Defendants removed this case claiming a federal question had been raised because Plaintiff's claim is preempted by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et. seq.

**Analysis**

Plaintiff argues that removal was improper because no federal question was pled in the original petition and the fraud claim is not preempted by ERISA. Plaintiff argues that Mrs. Slater is not suing for benefits under the SWR plan, she makes "no claim for benefits from an employee benefit plan," the issue is SWR's "unconscionable conduct" not the life insurance benefit, and the "terms of the life insurance policy is relevant only to the extent that it is the starting point for calculation of damages."

---

[2] The original petition does not provide any details as to who made the alleged misrepresentations and whether Dr. Fichtel's October 28, 2008 letter is the sole basis for the claim.

With regard to whether a claim is removable to federal court there are two concepts under ERISA that are relevant – "conflict preemption" under 29 U.S.C. § 1144 (section 514) and "complete preemption" under 29 U.S.C. § 1132(a) (section 502(a)). *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146, 1155 (10th Cir. 2004). ERISA preemption under § 514 is not sufficient for removal jurisdiction. *Id*. In this case Defendants argue that Plaintiff's claim is completely preempted under 29 U.S.C. § 1132(a).

"ERISA's preemption of state law claims is extensive." *McNeil v. Time Ins. Co.*, 205 F.3d 179, 191 (5th Cir. 2000). The Fifth Circuit has stated that ERISA "preempts a state law claim if that claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and if that claim directly affects the relationship between traditional ERISA entities." *Id.*

In determining whether federal jurisdiction exists, this Court applies the well-pleaded complaint rule, which requires that we look to the face of the complaint rather than to defenses, for the existence of a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Although generally a case may not be removed on the basis of a federal defense, *id*. at 393, an exception exists in cases of "complete preemption," where Congress so "completely pre-empt[s] a particular area that any civil complaint ... is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). As ERISA claims are completely preempted, *see id*. at 64–67, state law claims that seek relief available under ERISA are recharacterized as ERISA claims and arise under federal law. *Kemp v. IBM Corp*., 109 F.3d 708, 712 (11th Cir. 1997).

The Court considers four elements when deciding whether state law claims are completely preempted: (1) there must be a relevant ERISA plan; (2) the plaintiff must have standing to sue under that plan; (3) the defendant must be an ERISA entity; and (4) the complaint

must seek compensatory relief akin to that available under § 1132(a), which is normally a claim for benefits under the plan. *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012–13 (11th Cir. 2003).

Plaintiff does not dispute that SWR had an ERISA plan that provided life insurance benefits. No one contests that as the surviving spouse and beneficiary, Mrs. Slater has standing. No one disputes that SWR was Dr. Slater's employer and that it had implemented the SWR Employees' Insurance Program Plan. In this case the fourth factor dictates that Plaintiff's claim is completely preempted.

When Dr. Slater utilized his employer's electronic open enrollment system he was provided a summary of his elections before submission. A certification at the top of the summary notified the employee of ERISA's applicability. On or about January 23, 2010, after Dr. Slater became aware of the decreased life insurance benefit, he submitted an evidence of insurability form to Sun Life, in an attempt to increase the benefit to $500,000. On March 17, 2010, Sun Life denied his request due to his medical history. The Slaters exercised their right to an ERISA review.

In this case although Plaintiff argues she is making "no claim for benefits from an employee benefit plan," the reality is that she is seeking the $500,000 insurance benefit as her underlying claim. "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." *McGowin v. ManPower Intern., Inc.*, 363 F.3d 556, 558 (5th Cir. 2004). If a plaintiff "could have brought her claim under ERISA, the cause of action is completely preempted and provides a basis for federal jurisdiction." *Id*.

## Conclusion

The Court concludes that Plaintiff's claim is completely preempted by ERISA, that subject matter jurisdiction exists, and that Plaintiff's motion for remand to the state court must be denied.

SIGNED this 19th day of March, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE