UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SUSAN SLATER, INDIVIDUALLY ) 
AND AS SURVIVING SPOUSE AND ) 
BENEFICIARY OF DAVID C. ) 
SLATER, ) 
 )   Civil Action No.  SA-12-CV-01205-XR
        Plaintiff, ) 
 ) 
VS. ) 
 ) 
SOUTHWEST RESEARCH ) 
INSTITUTE and SOUTHWEST ) 
RESEARCH MEDICAL TRUST PLAN, ) 
 ) 
        Defendants. ) 

## ORDER

On this day the Court considered Defendants' Motion to Dismiss for Failure to State a Claim (Docket No. 20), Plaintiff's Response (Docket No. 21), and Defendants' Reply (Docket No. 24). For the following reasons, the Court DENIES IN PART and GRANTS IN PART the motion to dismiss.

## Background

On November 19, 2012, Plaintiff Susan Slater filed a lawsuit against Defendants Southwest Research Institute ("SWR") and Southwest Research Medical Trust Plan ("SWR Plan") (collectively "Defendants") alleging common law fraud based on the improper administration of SWR's Employee Retirement Income Security Act ("ERISA") plan.  Specifically, Plaintiff alleges that Defendants permitted her husband, David C. Slater, to make changes to his benefit elections without proper supervision, thereby resulting in a decrease in the value of his voluntary life insurance.  *See*

Plaintiff's Original Petition ¶ 6.4.  In her Original Petition, Plaintiff alleges the following facts in support of her claim.

In May 2007, Dr. Slater underwent surgery necessary to treat a brain tumor. *See id*. at ¶ 5.2. On or about October 28, 2008, Dr. Slater's treating oncologist, Dr. Fichtel, wrote to Dr. Slater's supervisor Dr. Jim Burch, Vice President of Planetary Sciences, describing certain accommodations that Dr. Slater would require to return to work.  *See id*. at ¶ 5.6.  Dr. Fichtel's letter included a "clear warning that Dr. Slater was not fully in charge of his faculties and decision-making."  *Id*.

On November 20, 2008, Dr. Slater participated in an open enrollment in his employer's benefit plan. *See id*. at ¶ 5.8.  He increased his accidental death and disability benefit from $100,000 to $200,000 and decreased his voluntary life insurance plan benefit from $500,000 to $100,000.  *See id*.  Plaintiff alleges that the "submission and approval were done by Dr. Slater with no oversight by anyone else."  *Id*. ¶ 5.8.

On or about November 12, 2009, Plaintiff became aware that the life insurance benefit was decreased in 2008.  *See id*. at ¶ 5.9.  SWR and Mrs. Slater thereafter approached the insurance carrier, Sun Life, but Sun Life refused to reinstate the $500,000 benefit.  *See id*. at ¶ 5.10.  On July 7, 2010, SWR changed insurance carriers from Sun Life to Hartford.  *See id*. at ¶ 5.12.  SWR communicated this information to Mrs. Slater on October 22, 2010, and advised Mrs. Slater that her only recourse was an ERISA claim or a claim with the Texas Department of Insurance.  *See id*. at ¶ 5.13.  Dr. Slater died on May 30, 2011.  *See id*. at ¶ 5.11.

On December 21, 2012, Defendants removed this case claiming a federal question had been raised because Plaintiff's claim is preempted by ERISA, 29 U.S.C. §§ 1001, et. seq., and Plaintiff filed a motion to remand.  The Court denied the motion, holding that Plaintiff's state common law

fraud claim was completely preempted by ERISA section 502(a). *See* Docket no. 18.

Plaintiff alleges that SWR and SWR Plan committed fraud because they represented to Plaintiff that they acknowledged the October 28, 2008 instructions given by the oncologist, but they in fact did not closely supervise Dr. Slater and permitted him access to change his insurance policies.

### Legal Standard

If a plaintiff "fail[s] to state a claim upon which relief can be granted," a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). To survive a 12(b)(6) motion, a complaint must contain "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must plead facts sufficient to "state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Further, "a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). However, "a plaintiff typically is not required to plead, in the complaint, facts that negate an affirmative defense." *Jaso v. Coca Cola Co.*, No. 10-20786, 2011 U.S. App. LEXIS 15875, at *9 (5th Cir. Aug. 1, 2011) (unpublished opinion). With regard to the statute of limitations defense, a

Rule 12(b)(6) dismissal is only appropriate "where it is evident from the [complaint] that the action is barred and the [complaint] fail[s] to raise some basis for tolling." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

## Analysis

Defendants contend that Plaintiff's ERISA claim is barred by the statute's three year statute of limitations because Plaintiff had "actual knowledge" of any ERISA violation by November 12, 2009 but did not file her petition until November 19, 2012. *See* Defendants' Motion, at 2–4. Plaintiff argues that she timely filed her suit and that she did not have "actual knowledge" of any violation until after November 19, 2009. *See* Plaintiff's Response, at 2–4.

ERISA provides that a claim premised on an alleged violation of its provisions by a fiduciary must be brought within three years of the date the plaintiff first obtained "actual knowledge" of the breach or violation forming the basis for the claim. 29 U.S.C. § 1113; *see also Radford v. Gen. Dynamics Corp.*, 151 F.3d 396, 398 (5th Cir. 1998) (holding that a breach of fiduciary duty claim arising under ERISA based on an alleged misrepresentation is subject to the statute of limitations in section 1113). Under Fifth Circuit standards, "actual knowledge 'requires that a plaintiff have actual knowledge of all material facts necessary to understand that some claim exists, which facts could include necessary opinions of experts, knowledge of a transaction's harmful consequences, or even actual harm.'" *Reich v. Lancaster*, 55 F.3d 1034, 1057 (5th Cir. 1995) (quoting *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1177 (3d Cir. 1992)). "That is to say, actual knowledge requires that the [plaintiff] know not only of the events constituting the breach, but 'also that those events supported a claim for breach of fiduciary duty or violation under ERISA.'" *Babcock v. Hartmarx Corp.*, 182 F.3d 336, 339 (5th Cir. 1999) (quoting *Int'l Union v. Murata Erie N. Am., Inc.*, 980 F.2d

889, 900 (3d Cir. 1992)).

Plaintiff filed her Original Petition in state court on November 19, 2012.  Both Defendants and Plaintiff agree that on November 12, 2009, Plaintiff had knowledge of Dr. Slater's physician's letter and of the change in the value of the life insurance benefit made by Dr. Slater in November 2008.  However, in the Fifth Circuit, mere knowledge of facts constituting a violation of ERISA is not enough; "actual knowledge" requires that a plaintiff must also know that the facts support a claim under ERISA.  *See Reich*, 55 F.3d at 1057.

Here, it is not clear that Plaintiff knew she had a claim under ERISA before November 19, 2009. According to the Original Petition, Sun Life refused to reinstate the $500,000 benefit on May 18, 2010. Plaintiff's Original Petition ¶ 5.10. Furthermore, Plaintiff alleges that it was not until October 22, 2010 that she was informed by SWR that "her only recourse was an ERISA claim or a claim with the Texas Department of Insurance." *Id*. at ¶ 5.13.  Thus, it is not evident from the face of the Original Petition that Plaintiff had "actual knowledge" of her ERISA claim prior to November 19, 2009.

In their Reply, Defendants contend that this case is similar to *Babcock*, 182 F.3d 336. Defendants' Reply, at 3–4.  However, in *Babcock*, the Fifth Circuit found that it was clear the Babcocks had knowledge of an ERISA claim prior to three years before filing their suit. *See Babcock*, 182 F.3d at 339.  In *Babcock*, the Babcocks had written multiple letters to the defendant detailing their knowledge that their group insurance plan was governed by ERISA and that it had been violated.  *See id*.  Accordingly, the Fifth Circuit held that it was clear the Babcocks "knew that [the defendant] had denied their life insurance claims; knew of the harm they allegedly suffered; were aware that the group insurance plan was covered under ERISA guidelines; had made demands

for the money; knew that [the defendant] had denied their claim; and were aware that they might have a legal claim." *Id*. at 339–40.

However, in this case, it is unclear from the Original Petition that Mrs. Slater was aware of an ERISA claim by November 19, 2009.  In fact, according to Plaintiff's Original Petition, SWR never once denied Plaintiff's request to reinstate the voluntary life benefits prior to November 19, 2009.  Instead, SWR tried to help reinstate the benefits by approaching Sun Life.  *See* Plaintiff's Original Petition ¶ 5.10.  Furthermore, according to the Original Petition, it was only on October 22, 2010 when SWR finally communicated to Mrs. Slater that her only recourse was to file an ERISA claim.  *See id*. at ¶ 5.13.  Thus, contrary to Defendants' Reply, the Court cannot find from the Original Petition that Plaintiff had "actual knowledge" more than three years before filing her complaint.  *See Babcock*, 182 F.3d at 340.  Accordingly, Defendants' motion to dismiss for failure to state a claim shall be DENIED IN PART as it relates to Plaintiff's filing of her claim outside of ERISA's three year statute of limitations.

However, it is clear that the Original Petition fails to adequately plead a claim under ERISA because the Original Petition does not mention any provision of ERISA or explain how any of the factual allegations contained in the Original Petition support a claim for relief under ERISA. *See Twombly*, 550 U.S. at 555 (holding that a complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests").  Thus, Defendants' motion to dismiss for failure to state a claim shall be GRANTED IN PART as it relates to Plaintiff's failure to adequately plead an ERISA claim.  Because Plaintiff has not yet been given an opportunity to amend her Original Petition and it is not clear that amendment would be futile, the Court will afford Plaintiff an opportunity to file an amended complaint.  *See Great Plains Trust Co. v. Morgan Stanley*

-6-

*Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (explaining that district courts generally afford plaintiffs at least one opportunity to cure pleading deficiencies unless it is clear that the defects are incurable).

### Conclusion

For the reasons stated above, Defendants' motion to dismiss Plaintiff's claim as time barred is DENIED but Defendants' motion to dismiss the Original Petition for failure to adequately plead a claim under ERISA is GRANTED.  The Court will afford Plaintiff the opportunity to file an amended complaint.  The amended complaint must be filed by no later than June 26, 2013.

It is so ORDERED.

SIGNED this 11th day of June, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE